# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-43-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| DALE RAY RACINE, | |
| Defendant. | |

## I. Synopsis

Defendant Dale Ray Racine (Racine) has been accused of violating the conditions of his supervised release. Racine admitted alleged violations 1, 2 and 3. Racine denied alleged violation 4. The Court dismissed alleged violation 4 on the government's motion. Racine's supervised release should be revoked. Racine should be placed in custody for 3 months, with 33 months of supervised release to follow. Racine should serve the first 60 days of supervised release in a secure inpatient substance abuse treatment facility such as Connections Corrections.

## II. Status

Racine pleaded guilty to Assault Resulting in Serious Bodily Injury on September 12, 2022. (Doc. 42). The Court sentenced Racine to 24 months of

custody, followed by 3 years of supervised release. (Doc. 73). Racine's current term of supervised release began on January 12, 2024. (Doc. 85).

**Petition**

The United States Probation Office filed an Amended Petition on February 21, 2024, requesting that the Court revoke Racine's supervised release. (Doc. 85). The Amended Petition alleged that Racine had violated the conditions of his supervised release: 1) by failing to comply with his substance abuse testing requirements on two separate occasions; 2) by consuming alcohol; and 3) by committing another crime.

**Initial appearance**

Racine appeared before the undersigned for his initial appearance on February 26, 2024. Racine was represented by counsel. Racine stated that he had read the petition and that he understood the allegations. Racine waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on March 12, 2024. Racine admitted that he had violated the conditions of his supervised release: 1) by failing to comply with his substance abuse testing requirements on two separate

2

occasions; and 2) by consuming alcohol. The Court dismissed alleged violation 4 on the government's motion. The violations that Racine admitted are serious and warrant revocation of Racine's supervised release.

Racine's violations are Grade C violations. Racine's criminal history category is I. Racine's underlying offense is a Class C felony. Racine could be incarcerated for up to 24 months. Racine could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Racine's supervised release should be revoked. Racine should be incarcerated for 3 months, with 33 months of supervised release to follow. Racine should serve the first 60 days of supervised release in a secure inpatient substance abuse treatment facility such as Connections Corrections.

### IV. Conclusion

The Court informed Racine that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Racine of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Racine that Judge Morris would consider a timely objection before making a final determination on whether to

revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Dale Ray Racine violated the conditions of his supervised release: by failing to comply with his substance abuse testing requirements on two separate occasions; and by consuming alcohol.

The Court **RECOMMENDS:**

> That the District Court revoke Racine's supervised release and commit Racine to the custody of the United States Bureau of Prisons for 3 months, with 33 months of supervised release to follow. Racine should serve the first 60 days of supervised release in a secure inpatient substance abuse treatment facility such as Connections Corrections.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 13th day of March, 2024.

/s/ John Johnston
John Johnston
United States Magistrate Judge